UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAHAR ODISHO, as Personal
Representative of the Estate of
ANTHONY WARDIA,

        Plaintiff,

v.

        Civil Case No. 21-11021
        Honorable Linda V. Parker

YAHAYA YACOUBA,
BEST CARRIER, INC., and
TURBO TRUCK & AUTO SALES, INC.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) AND FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60**

    This is a negligence action arising from a fatal motor vehicle accident involving pedestrian Anthony Wardia and a tractor-trailer driven by Yacouba Yahaya.[1]  Defendants filed motions for summary judgment which this Court granted in an opinion and order entered July 11, 2022.  (ECF No. 36.)  Now before the Court is Plaintiff's motion to alter or amend the judgment and for relief from

---

[1] As indicated in the Court's summary judgment decision, the correct name for the individual defendant is Yacouba Yahaya, not Yahaya Yacouba.

judgment, filed pursuant to Federal Rules of Civil Procedure 59(e) and 60, respectively. (ECF No. 38.)

## Applicable Standards

"Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice." *Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009); *see also Moore v. Coffee Cnty., TN*, 402 F. App'x 107, 108 (6th Cir. 2010). Plaintiff does not cite a change in controlling law or previously unavailable evidence. Thus, she is entitled to relief only if she demonstrates "a clear error of law" or a need to "prevent manifest injustice."

The Sixth Circuit's "cases do not offer clear guidance as to what qualifies as 'manifest injustice,' but the plain meaning of those words is instructive." *Bradley J. Delp Revocable Trust v. MSJMR 2008 Irrevocable Trust*, 665 F. App'x 514, 530 (6th Cir. 2016) (quoting *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330-31 (6th Cir. 2014)). Black's Law Dictionary defines "manifest injustice" as "an error in the trial court that is direct, obvious, and observable . . .."

*Id*. (quoting Black's Law Dictionary 982 (8th ed. 2004)).  As one district court has observed, while

> "no general definition of manifest injustice has ever been developed . . . [w]hat is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."

*McDaniel v. Am. Gen. Fin. Services, Inc.*, No. 04-2667, 2007 WL 2084277, at *2 (W.D. Tenn. 2007) (quoting *In re Bunting Bearings Corp.*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004)).

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case.").  "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources."

3

*In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

Rule 60(b) provides the following grounds for relief from a final judgment, order, or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff does not identify which subsection of the rule warrants relief; however, subsection (1) appears applicable because Plaintiff's argument is that the Court made errors in its assessment of the facts and application of the law. *See United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)) (explaining that Rule 60(b)(1) is intended to provide relief in only two situations, including "when the judge has made a substantive mistake of law or fact . . ..").

4

## Analysis

Plaintiff argues that the Court improperly "analyzed and then weighed the evidence" and "[w]here there was conflicting evidence, . . . inappropriately gave the benefit of the doubt to Defendants." (ECF No. 38 at Pg ID 1199.) Plaintiff lists numerous "findings" by the Court, for which Plaintiff asserts conflicting evidence was ignored or given insufficient weight. (*Id*. at Pg ID 1200-02.) Based on the Court's purported incorrect assessment of the facts, Plaintiff maintains that the Court then erred in taking the case from the jury with respect to whether Defendants were negligent and whether Mr. Wardia was more at fault for the accident.

Plaintiff asserts that "[a]s to each enumerated finding, there was evidence presented by Plaintiff which negated and/or contradicted each of these findings by the Court." (*Id*. at Pg ID 1200 n.1.) Yet Plaintiff does not cite to any record evidence in the pending motion in order to identify the contrary evidence. More importantly, as noted in the Court's July 11 decision, the factual recitation in Plaintiff's brief filed in response to Defendants' summary judgment motion "contain[ed] not one citation to the record."[2] (*See* ECF No. 36 at Pg ID 1169 n.2

---

[2] Notably, despite Plaintiff's failure to cite to the record as required in Rule 56(c), the Court scoured the entire record for evidence supporting Plaintiff's factual assertions "[d]espite having no obligation to do so." (*See* ECF No. 36 at Pg ID

5

(citing ECF No. 34 at Pg ID 955-56).) And where Plaintiff did cite to the record in her response brief, that evidence frequently did not support Plaintiff's asserted fact.

For example, Plaintiff continues to assert that "there were equipment violations prior to when Defendant [Yahaya] left North Carolina" and before the accident. (ECF No. 38 at Pg ID 1201, Nos. 6, 7.) However, as the Court observed, Plaintiff cited no evidence showing that the equipment violations found "during an inspection *two weeks after the accident* existed when the accident occurred." (ECF No. 36 at Pg ID 1181 (emphasis in original).) The jury would have to engage in impermissible speculation to conclude that the cited defects existed before the accident rather than as a result of the accident or some occurrence while the tractor trailer was stored. *See Kent v. Alpine Valley Ski Area, Inc.*, 613 N.W.2d 383, 391 (Mich. Ct. App. 2000) (citing *King v. Nicholson Transit Co.*, 46 N.W.2d 389, 392 (Mich. 1951)) ("It is well settled that a case should not be submitted to a jury where a verdict must rest on conjecture or guess."); *Dufon v. Wilbur Curtis Co.*, 425 F.2d 1294, 1295 (6th Cir. 1969) (affirming district court's directed verdict where the plaintiff introduced insufficient evidence so that the jury would have to

---

1169 n.2.) This effort undermines Plaintiff's accusation that the Court was "bias[ed] against [her] claims and theories of liability." (ECF No. 38 at Pg ID 1205.)

engage in "mere conjecture, speculation or guess . . . to infer that the pot was defective at the time it left the manufacturer")

Similarly, Plaintiff takes issue with the Court's finding that no evidence showed that Mr. Yahaya moved the truck back and forth "after encountering Mr. Wardia" and "in a manner that could eject Mr. Wardia from the vehicle." (ECF No. 38 at Pg ID 1202, Nos. 13, 14.) The only evidence Plaintiff offered to support her version of these facts was the testimony of Mr. Wardia's stepfather, Jan Quaryo. Yet it was pure speculation by Mr. Quaryo that Mr. Wardia was on the tractor trailer when Mr. Yahaya maneuvered it in the manner Mr. Quaryo believes was an attempt to eject Mr. Wardia from it. There is no evidence that Mr. Wardia was on the tractor trailer (or even near it) at that time. Mr. Quaryo did not see Mr. Wardia in the surveillance video he viewed, which Plaintiff did not offer into evidence. Further, Plaintiff offered no evidence to establish the timing of when Mr. Yahaya moved the truck in this manner. On the other hand, a different surveillance video—also not offered into evidence but viewed by the parties' experts—undisputedly showed Mr. Yahaya moving the tractor trailer in the described manner when he first backed into the loading docking space, which was *before* Mr. Wardia is seen in the video entering the parking lot and approaching the truck.

Faced with this record, a jury could not infer that Mr. Wardia was on the tractor-trailer when Mr. Yahaya moved it in the manner described by Mr. Quaryo or that Mr. Yahaya moved the truck in this manner to eject Mr. Wardia from it. Inferences are not permissible when based merely on speculation. *See Ross v. Duggan*, 402 F.3d 575, 588 (6th Cir. 2004) (citing *Chappell v. GTE Products Corp.*, 803 F.2d 261, 268 (6th Cir. 1986)) ("Absent supporting material proof beyond Clark's naked speculation, conjecture, hunches, hypothesizing, intuitions, innuendo, insupportable 'inferences,' empty theorizing, creative guesswork, and wishful thinking, no logical reason exists to *presume* that any other Detroit-area taxi company had habitually, and knowingly, leased a significant number of its cabs to pimps and whoremongers over the implicated time period."). Inferences must be based on fact and they must be reasonable. "[W]hen there is a complete absence of probative facts to support [a] conclusion" it would be "reversible error" to allow a jury "a measure of speculation and conjecture to settle the dispute . . .." *Sweeney v. Am. Steamship Co.*, 491 F.2d 1085, 1089 (6th Cir. 1974) (citing *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 506 (1956)).

Plaintiff's "partial list of conflicting evidence" includes some factual determinations that the Court in fact did not make. For example, the Court did not find that Mr. Yahaya "performed the required pre-inspection of his tractor trailer

8

prior to his departure from North Carolina." (ECF No. 38 at Pg ID 1200.) In fact, the Court expressly acknowledged some conflict in Mr. Yahaya's testimony with respect to the inspection. (ECF No. 36 at Pg ID 1169-70.) Nevertheless, the Court found this disputed issue of fact not material to whether Defendants were entitled to summary judgment. (*See id*. at Pg ID 1181-82 (concluding that "even if there is a genuine issue of material fact as to whether Mr. Yahaya conducted the necessary pre-trip inspection of the tractor trailer, there is no evidence that the trailer or any of the violations cited by the Michigan State Police played any role in the subject accident"); *see also id*. at Pg ID 1182 (concluding that "no reasonable juror could conclude that the accident was a foreseeable consequence" of any failure to inspect the tractor trailer or to "tak[e] the tractor trailer from North Carolina to Michigan with its alleged safety violations").)

The Court also did not find that Mr. Wardia "jumped or dove between the tractor and trailer. (ECF No. 38 at Pg ID 1201, No. 4.) Instead, the Court found an unsettled factual issue in regard to where Mr. Wardia was before being run over. As the Court acknowledged in its summary judgment decision, "*it appeared to Mr. Yahaya* that Mr. Wardia . . . jumped or dove between the tractor and trailer"; however, "[t]he parties' accident reconstruction experts disagree[d]" as to whether this was accurate. (ECF No. 36 at Pg ID 1173 (citations omitted and emphasis

9

added); *see also id.* at Pg ID 1187 ("Rather than moving to a safe distance [when Mr. Yahaya began to drive away], Mr. Wardia chased after and alongside the tractor trailer and then *either* dove in between the tractor and trailer, attempted to climb onto the fifth wheel, *or* successfully boarded but then fell.") (emphasis added).)[3] In any event, this disputed fact also was not material to the Court's determinations that no reasonable juror could find Defendants negligent or Mr. Wardia less at fault for the accident. (*See* ECF No. 36 at Pg ID 1187 (holding that Mr. Wardia "was grossly negligent and . . . significantly more at fault, if not completely at fault" regardless of whether he successfully climbed onto the fifth wheel, fell while attempting to do so, or dove into the area between the tractor and trailer).)

---

[3] Plaintiff asserts that the Court's decision "is riddled with instances where its own findings are disproven and/or contradicted." (ECF No. 38 at Pg ID 1202.) As "[o]ne of the most egregious examples[,]" Plaintiff offers the Court's statement that "[t]here is no evidence . . . that Mr. Wardia successfully boarded the tractor-trailer[,]" followed by its subsequent summary of the three possible explanations for how Mr. Wardia came to a position to be run over. (*Id*. at Pg ID 1202-03 (quoting ECF No. 36 at Pg ID 1183).) Yet the Court was not making a factual finding in the first statement; and the second statement simply restated the three possible scenarios presented by the parties. More significantly, the Court's ultimate decision did not change even accepting the opinion of Plaintiff's expert that Mr. Wardia successfully boarded the fifth wheel but then fell. (*See id*. at Pg ID 1187.)

Contrary to Plaintiff's accusation, the Court did not "inappropriately g[i]ve the benefit of the doubt to Defendants." (ECF No. 38 at Pg ID 1199.) Instead, the Court took care to adhere to the summary judgment standard requiring in part that "[a]ll reasonable inferences from the underlying facts . . . be drawn 'in the light most favorable to the party opposing the motion.'" (ECF No. 38 at Pg ID 1199 (quoting *United States v. Diebold, Inc.*, 369 U.S. 645, 655 (1962).) As the Court stated in its decision: "The court must accept as true the non-movant's *evidence* and draw 'all *justifiable* inferences' in the non-movant's favor." (ECF No. 36 at Pg ID 1167 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) (emphasis added).) The italicized language is critical here. The Court was left with no choice but to credit Defendants' version of the facts where Plaintiff failed to cite to record evidence to support her version and where several of Plaintiff's inferences with respect to material factual matters, even when based on cited evidence, were not justifiable.

Plaintiff also continues to make assertions regarding causation reflecting a misunderstanding of this legal concept, such as if Mr. Yahaya had never taken out the tractor trailer, the accident would not have happened (*see* ECF No. 38 at Pg ID 1206). It is not enough to show that, "but for" Mr. Yahaya's actions, Mr. Wardia's injuries would not have arisen. This is because causation is composed of two

11

requirements: but-for cause ("cause-in-fact") and proximate cause ("legal causation"). *O'Neal v. St. John Hosp. & Med. Ctr.*, 791 N.W.2d 853, 858 (Mich. 2010). " 'Proximate cause' is shorthand for a concept: Injuries have countless causes, and not all should give rise to legal liability." *Crosby v. Twitter, Inc.*, 921 F.3d 617, 623 (6th Cir. 2019) (quoting *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 692 (2011)); *see also id.* (quoting *Paroline v. United States*, 572 U.S. 434, 444 (2014) ("Every event has many causes, however, only some of them are proximate.")) (ellipsis omitted). As the Sixth Circuit explained proximate cause in *Crosby*:

> In a philosophical sense, the consequences of an act go forward to eternity." *CSX Transp., Inc.*, 564 U.S. at 706-07, 131 S.Ct. 2630 (Roberts, C.J., dissenting). This is known as the "butterfly effect"—where "a butterfly stirring the air today in China can transform storm systems next month in New York." *Aransas Project v. Shaw*, 775 F.3d 641, 657 n.10 (5th Cir. 2014) (per curiam); *see also United States v. Wang*, 222 F.3d 234, 239 n.1 (6th Cir. 2000).
>
> But under the law, a defendant's liability cannot also go forward to eternity. And a butterfly in China is not the proximate cause of New York storms. Instead, proximate cause prevents liability where there is not a sufficient link between the defendant's conduct and the plaintiff's injuries. *See Holmes [v. Sec. Inv'r Prot. Corp.]*, 503 U.S. [258, 268 (1992)]. So proximate cause requires us to draw a line somewhere in the sand— refusing to extend liability beyond a certain point. *See*

12

> *CSX Transp., Inc.*, 564 U.S. at 692-93 . . . (quoting *Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 162 N.E. 99, 103 (1928) (Andrews, J., dissenting) ("Because of convenience, of public policy, of a rough sense of justice, the law arbitrarily declines to trace a series of events beyond a certain point.")).

921 F.3d at 623-24. Yet the directness between the action and injury need not be as distant as a butterfly in China and the storm in New York to render the proximate cause requirement unmet.

Under Michigan law, "the determination of proximate cause involves an examination of foreseeability of the harm suffered . . . ." *Hunley v. DuPont Auto.*, 341 F.3d 491, 499 (6th Cir. 2003) (citing *Haliw v. Sterling Heights*, 627 N.W.2d 581, 588 (Mich. 2001)). Earlier Michigan court decisions also found the element of proximate cause satisfied "if, by the exercise of reasonable care, [the particular consequence or injury] might have been anticipated . . . ." *Id.* (quoting *La Pointe v. Chevrette*, 250 N.W. 272, 275 (Mich. 1933)) (additional citations omitted). In this case, no reasonable person would have foreseen or reasonably anticipated that, as a result of Mr. Yahaya taking the tractor-trailer out of North Carolina, a person in Michigan would attempt to board the moving vehicle's fifth wheel at night and fall beneath its wheels. *See, e.g., Collins v. Thomas*, 938 A.2d 1208 (Vt. 2007) (affirming summary judgment to driver of pick-up truck sued by the parents, sister, and estate of a passenger who died after falling from the truck bed); ( *Osborne v.*

13

*Atlantic Ice & Coal Co.*, 177 S.E. 796, 796-97 (N.C. 1935) (affirming judgments of nonsuits, finding that "act of the minor plaintiff in jumping upon and falling from the moving car was not such as the defendant in the exercise of due care could have reasonably foreseen"); *Noland v. Gould*, 254 P. 560 (Ca. 1927) (affirming judgment in favor of driver of truck that ran over 11 year-old boy who got onto the truck's running board and then fell); *Furr v. Brookhaven Creamery*, 192 So. 838, 840 (Miss. 1940) (holding that the defendant was entitled to a directed verdict in case involving a sixteen year old boy run over after unsuccessfully attempting to board dairy truck); *O'Neill v. State*, No. 9603327215, 1998 WL 13888 at *3 (Superior Ct. Conn. Aug. 7, 2015) (finding it unforeseeable that student would attempt to jump onto the running board of another student's moving vehicle as it left school parking lot, from which the student fell).

Finally, Plaintiff outlines a factual scenario on which she believes a jury could reasonably find that Defendants were negligent, and that Mr. Wardia was not more than 50% at fault for the accident. (*See* ECF No. 38 at Pg ID 1206-07.) Plaintiff asserts that the Court therefore erred in taking the issue of negligence and comparative fault from the jury. However, Plaintiff's factual scenario includes material facts—like the scenario set forth in her response to Defendants' summary judgment motion—for which record evidence is not cited or which is unsupported

14

by the record even when cited. *See* Fed. R. Civ. P. 56(c)(1) (providing that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record"); Fed. R. Civ. P. 56(c)(3) (emphasis added) (stating that "[t]he court need consider only the cited materials, but it may consider other materials *in the* record"). For the reasons articulated in the Court's July 11 decision, when only the material facts supported by the record are considered, no reasonable jury could find that Defendants were negligent or, at least, that any negligence caused the accident. (*See* ECF No. 36 at Pg ID 1181-82, 1185.) Further, "[n]o reasonable juror could conclude that Mr. Wardia was 50% or less at fault for the accident."[4] (*Id.* at Pg ID 1186-88.) As indicated in the cases cited in the Court's previous decision (*id.* at Pg ID 1186) and Plaintiff's own motion to alter or amend the judgment (ECF No. 38 at Pg ID 1199), where "all reasonable minds could not differ[,]" negligence and comparative fault

---

[4] Plaintiff charges the Court with being "self-contradict[ory]" when concluding that Plaintiff failed to show that Defendants acted negligently but, even if found negligent, Mr. Wardia was more than 50% at fault. (ECF No. 38 at Pg ID 1205.) There is no contradiction. The Court held that no reasonable juror could find Defendants negligent based on the undisputed facts. But even if the jury could reach such a decision, the Court also held that no reasonable jury could find Mr. Wardia 50% or less at fault for the accident. As this Court explained in its summary judgment decision, under Michigan law, damages may not be assessed in favor of a party who is more than 50% at fault. (ECF No. 36 at Pg ID 1185-86 (citing Mich. Comp. Laws § 500.3135(2)(b).

15

are not jury issues, *Chivis v. Cass Cnty. Public Transit*, No. 351519, 2021 WL 3817770, at *4 (Mich. Ct. App. Aug. 26, 2021) (quoting *Rodriguez v. Solar of Mich., Inc.*, 478 N.W.2d 914, 918 (Mich. Ct. App. 1991)); *Kubasinski v. Johnson*, 208 N.W.2d 74, 75 (Mich. Ct. App. 1973).[5]

For all these reasons and those stated in the Court's July 11 decision, Plaintiff fails to demonstrate an error of fact or law or a need to alter or amend the decision to prevent manifest injustice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to alter, amend, or for relief from the Judgment is **DENIED**.

                                                                  s/ Linda V. Parker
                                                                  LINDA V. PARKER
                                                                  U.S. DISTRICT JUDGE

Dated: February 1, 2023

---

[5] With respect to the law on when negligence and comparative fault are jury issues, Plaintiff's instant motion contains a lengthy quote which her counsel attributes to the Michigan Supreme Court's decision in *Lowe v. Estate Motors Ltd.*, 410 N.W.2d 706 (1987). (*See* ECF No. 38 at Pg ID 1199-1200.) The quoted language can be found nowhere in *Lowe* and the Court was unable to find the complete quote in any other decision.